```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-480** |
| **OLIVIA Y. TRUONG, RICHARD E. KING, JAMIE A. FUTRAL, MELCHIODE MARKS KING, LLC, AND ABC INSURANCE COMPANY** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration and/or new trial. Rec. Doc. 29. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 29) is **DENIED**.

### I.   FACTS AND PROCEDURAL HISTORY

This suit involves a legal malpractice claim against defendants Olivia Y. Truong, Richard E. King, Melchiode Marks King, LLC, and Jamie Futral (collectively "defendants"). Rec. Doc. 1. On or about January 15, 2018, plaintiff United Specialty Insurance Company ("United"), through its Managing General Agent QEO Insurance Group ("QEO"), retained defendants as counsel in the matter entitled *Diane Jackson v. United Specialty Insurance Company, Vic 3 Enterprises, LLC and Napoleon White* ("the Underlying Suit"). *Id.* at 3.

On or about August 26, 2019, a four (4) day trial on the merits was held in the underlying suit which concluded with a jury entering a judgment against plaintiff in the amount of $1,632,192.24 plus interest thereon and court costs. *Id.* at 5.

1

According to the complaint, the defendants approved the judgment, casting Plaintiff for the entire amount instead of its policy limit of $1,000,000 plus interest and court costs. *Id.*

Defendants then filed a motion for judgment notwithstanding the verdict or alternatively for a new trial on behalf of the plaintiff, which was ultimately denied on November 15, 2019. *Id.* at 6. On December 19, 2019, defendants filed a notice and motion for suspensive appeal. Rec. Doc. 1. Per the complaint, defendants untimely furnished security by way of surety bond on January 16, 2020 – 28 days after the deadline outlined in Louisiana Civil Code article 2123. *Id.* Moreover, the surety bond was for $1,800,000 and bound only the plaintiff and not its co-defendants in the underlying suit, who were also found liable. *Id.*

On or about January 24, 2020, plaintiff in the underlying suit moved to dismiss the defendants' suspensive appeal, which was later granted on March 5, 2020, because the appeal bond was not timely posted. *Id.* at 7. According to plaintiff, the defendants failed to reasonably consult with plaintiff about the motion to dismiss, its denial, and defendants' recommendation to file a supervisory writ application. *Id.*

On or about April 14, 2020, defendants filed a notice of intent to apply for supervisory writ regarding the motion to dismiss. Rec. Doc. 1 at 8. On or about May 13, 2020, the Louisiana Fifth Circuit Court of Appeals denied the writ application based

on the untimely security furnishing. *Id.* The appellate court further affirmed the lower court's dismissal of the suspensive appeal and converted the appeal to a devolutive appeal for which security is not required. *Id.*

About two months after the appellate court's decision, on July 10, 2020, plaintiff's insurance representative contacted defendant Olivia Truong about the writ application, to which Truong responded, "It completely slipped my mind to forward the writ denial, which is attached for your file (sorry!)." *Id.* Per plaintiff, because of the defendants' delayed notice of the writ denial and failure to advise them accordingly, plaintiff was unable to challenge the writ denial with the Louisiana Supreme Court. *Id.* at 8-9.

Moreover, the conversion of the suspensive appeal to a devolutive appeal caused the August 29, 2019, judgment to be executed immediately by Jackson. Rec. Doc. 1 at 9. Thus, Jackson filed a motion to examine judgment debtor against United and its co-defendants and a complaint against United alone with the Louisiana Department of Insurance, alleging plaintiff's failure to pay a valid final judgment. *Id.* On or about September 28, 2020, Truong received a demand letter from Jackson's counsel for payment of $1,903,986.37 from plaintiff. *Id.* In November 2020, Jackson also filed two petitions for garnishment, requesting that the state court issue a *writ of fieri facias* to seize and possess all

3

property rights and credits of United and its insured Napoleon White. *Id.* at 9-10.

On or about November 29, 2020, Jackson seized three dump trucks belonging to Vic 3, plaintiff's insured and co-defendant, which effectively put Vic 3 out of business. *Id.* at 10. To avoid further harm to its insured, plaintiff paid the full value of the judgment to secure the return of Vic 3's trucks. Rec. Doc. 1 at 10. On December 10, 2020, defendants' attorney-client relationship with plaintiff ended. *Id.* at 5. Both parties indicate that the underlying matter is currently pending on appeal before the Louisiana Fifth Circuit Court of Appeal. Rec. Doc. 23 at 7.

On March 8, 2021, plaintiff brought a negligence cause of action against defendants in this Court based on diversity jurisdiction. Rec. Doc. 1 at 2. On May 31, 2021, defendants filed a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and for failure to join an indispensable party, QEO Group, LLC. Rec. Doc. 20. Alternatively, defendants moved for a more definite statement under Rule 12(e), arguing that the factual basis, the measure of damages, and the legal theory in this matter were unclear. Rec. Doc. 20-1 at 2.

On June 15, 2021, plaintiff timely filed its opposition. Rec. Doc. 23. Plaintiff denied any failure to state a claim, failure to join an indispensable party, or entitlement to a more definite statement. *Id.* Additionally, the plaintiff argued that their

damages exceeded the required amount in controversy as it is entitled to recover the paid judgment in excess of $1,900,000, attorney's fees associated with the underlying suit, and damages to its reputation. *Id.* at 7.

On June 28, 2021, this Court granted defendants leave to file a reply. Rec. Doc. 26. Because the underlying judgment was solely rendered against United, Vic 3, and White, defendants deny any responsibility to United to repay the damages owed to Jackson. *Id.* at 2. Moreover, the defendants contended that plaintiff was not entitled to damages for mental anguish, embarrassment, or damage to reputation because those damages were not initially requested in the complaint and could not be incurred by corporations. *Id.* at 2-3.

On August 26, 2021, this court issued an Order and Reasons granting the defendants' Rule 12(b)(6) motion to dismiss. Rec. Doc. 27. Essentially, this Court held that the defendants' motion was proper given the plaintiff's failure to plead the legal cause element of its negligence claim. *Id.* Having granted defendants' motion to dismiss, on August 27, 2021, this court entered judgment in favor of the defendants and against the plaintiff, dismissing all of United's claims. Rec. Doc. 28.

On September 27, 2021, United filed the instant motion for reconsideration and/or a new trial. Plaintiff asserts that this Court ruled incorrectly on the defendant's previously filed motion

to dismiss. Rec. Doc. 29. United claims it properly presented evidence of causation and that the defendants' negligent acts or omissions caused Plaintiff's damage. *Id.* at 5-10. Additionally, plaintiff raised a new argument regarding the damage element of its negligence claim. *Id.* at 10. Plaintiff claims this Court should reverse its previously issued Judgment because even if plaintiff is successful on its devolutive appeal, it may not be able to recover the entire amount it paid to satisfy the judgment. *Id.*

On October 5, 2021, defendants timely filed an opposition to plaintiff's motion. Rec. Doc. 30. Defendants present that plaintiff's motion should be denied because plaintiff failed to show that its motion is necessary to correct a manifest error of law or fact. *Id.* at 4-7. Defendant also argues that plaintiff's new argument regarding the damage element is irrelevant to the present motion. *Id.* at 7. According to the defendants, this damage argument does not support this Court amending its prior ruling because said argument would still not establish causation, which was the basis for this Court's initial ruling. *Id.*

II. **LAW AND ANALYSIS**

   A. **Motion for New Trial**

In the present motion, plaintiff presents that this Court should grant its motion for reconsideration or, in the alternative, grant a new trial. Rec. Doc. 29. The defendants, however, argue

6

such a motion is improper given no trial has taken place in this matter, nor has a judgment been entered arising from the same. Rec. Doc. 30. Upon review, this Court finds that the plaintiff is not entitled to seek relief under the provisions pertaining to motions for new trials.

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[t]he court may...grant a new trial on all or some of the issues...after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed R. Civ. P. Rule 59(a)(1)(A). Likewise, Rule 59(a)(1)(B) of the Federal Rules of civil Procedure provides that "[t]he court may...grant a new trial on all or some of the issues...after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed R. Civ. P. Rule 59(a)(1)(B). Though "[t]he rule does not specify what grounds are necessary to support such a decision," the Fifth Circuit has found that a new trial is justified if "the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted).

Not only has no jury trial ever taken place, but also no nonjury trial has taken place in this matter; thus, plaintiff's motion for a new trial is procedurally deficient. Although

7

plaintiff alternatively requested a new trial, it's clear plaintiff's motion is seeking relief from dismissal. Because the relief sought by plaintiff and the grounds on which such relief can be granted is unavailable, plaintiff's motion will only be analyzed as a rule 59(e) motion to reconsider entry of a dismissal. *Williams v. Walmart, Inc*., No. CV 20-2722, 2021 WL 4290743 (E.D. La. Sept. 21, 2021) (analyzing the plaintiff's motion for a new trial as a motion for reconsideration under rule 59(e) where no trial had ever occurred; rather, the case was dismissed on a motion for summary judgment.)

### B. Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp*., 123 F.3d 336 (5th Cir. 1997). Nevertheless, a party may submit a motion seeking reconsideration under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. Fed. R. Civ. Proc. 54(b); A*dams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada*, AFL-CIO, Loc. 198, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989). This Court weighs

four factors in deciding a motion to reconsider under Rule 59(e): (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome. *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2291135 (E.D. La. June 4, 2021); *Hightower v. Grp. 1 Auto., Inc*, No. CV 15-1284, 2016 WL 3430569 (E.D. La. June 22, 2016).

A motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). They are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). Furthermore, when there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471 (M.D. La. 2002).

Here, plaintiff's motion reiterates the arguments previously raised in opposition to the defendant's motion to dismiss, arguing that all the elements of its negligence claim (including causation) have been met. In support of this argument, the plaintiff echoes the same refrain from its previously filed opposition. Essentially, United presents that had defendants properly advised it of the time delays for filing a suspensive appeal bond and timely filed the Application for Suspensive Appeal, with the required surety, a suspensive appeal would have been issued, and United would not have had to pay the entirety of the judgment. However, as outlined by the above authority, parties are procedurally prohibited from rehashing previously raised and unsuccessful arguments in the form of a motion for reconsideration. This Court has already expended considerable time and effort addressing plaintiff's contentions.

Still further, even if this Court were to consider the merits of the plaintiff's arguments, there is no question that the Judgment rendered by this Court in granting Defendants motion to dismiss was wholly appropriate and entirely consistent with controlling law and authority. United relies heavily on the Louisiana Appellate Court decision in *Bowen v. Government Employees Ins. Co.*, 451 So.2d 1196, 1198 (La. App. 5 Cir. 1984). Plaintiff claims that this Court misapplied the case to the present

matter, and upon a proper application of the law, this Court will find that dismissal of plaintiff's claim was done in error.

In *Bowen,* the initial lawsuit arose out of an automobile accident that was filed against Bowen and his insurer, GEICO, whose policy limit was $5,000. 451 So.2d at 1197. Settlement negotiations failed with GEICO's offer of a nuisance value of $500 countered by the original plaintiff's refusal to accept less than GEICO's policy limits. *Id.* The district court rendered judgment against Bowen and GEICO in the amount of $23,557.76. *Id.* Subsequently, GEICO filed a suspensive appeal on behalf of itself and Bowen to the extent of its policy limits and a devolutive appeal as to the excess for Bowen. *Id.* It posted a suspensive appeal bond only in the amount of its $5,000 policy limits. *Id.* GEICO's attorney recommended to Bowen that he post a suspensive appeal bond for the excess amount of the judgment. *Bowen*, 451 So.2d at 1197. After several unsuccessful attempts to obtain such a bond, Bowen settled with the original plaintiff for $17,000. *Id.* On appeal, the original judgment was reversed in its entirety, leaving Bowen in the position of having to fund a $17,000 settlement in a case in which he was ultimately exonerated. *Id.*

Bowen then filed suit against GEICO, alleging that its duty to defend included the obligation to provide a bond sufficient to suspensively appeal the entire judgment. *Id.* The trial court dismissed Bowen's claim and plaintiff appealed. *Id.* Upon review,

11

the appellate court affirmed the trial court's ruling and ultimately held that GEICO had discharged its duty and had no further responsibility to Bowen. *Bowen*, 451 So.2d at 1198. The court began its analysis by noting that Louisiana courts impose a jurisdictional duty on insurance companies to adequately defend an insured's interest. *Id.* at 1197. Additionally, this duty has been extended to include the appeal of a judgment in excess of the insurer's policy limits. *Id.* The court then recognized that an insurance company's duty to act in good faith requires it to assist the insured in attempting to arrange bond for the amount of a judgment in excess of the policy limits; it cannot merely abandon the insured's interest on appeal. *Id.* at 1198. In other words, the insurance company should make a reasonable effort to help the insured protect his or her property pending the outcome of an appeal. *See id.* The court reasoned that GEICO had discharged its duty to assist Bowen by keeping Bowen fully informed of settlement negotiations and the status of his appeal. *Bowen*, 451 So.2d at 1198. Therefore, holding GEICO had no further duty to the plaintiff and dismissing Plaintiff's claim. *Id.*

Here, plaintiff argues that *Bowen* stands for the notion that an insurance company is not obligated to furnish a suspensive appeal bond for an amount above its policy limits. This is incorrect. First and foremost, *Bowen* stands for the proposition that: (1) an insurer owes a duty to its insured to adequately

12

defend the insured's interest; (2) the duty to defend includes the appeal of a judgment in excess of the insurer's policy limits; and (3) the insurer may fulfill its duty in one of two ways. An insurer can fulfill its duty to defend by "post[ing] a bond on the entire amount of the judgment," or an insurer may choose to post a bond equal to its policy limits. *Bowen*, 451 So.2d at 1198.  If the insurer decides the latter, the duty is not automatically dislodged; instead, the insurer will need to take an additional step. This extra step requires the insurer to "assist the insured in attempting to arrange bond for the amount of the judgment over the policy limits." *Bowen*, 451 So.2d at 1198.

   This case can also be distinguished from *Bowen*. In *Bowen*, GEICO chose not to furnish a suspensive appeal bond in excess of its policy limits; however, in this case, United elected to post a bond in the entire amount of $1,800,000.00, which was $800,000.00 over its policy limit. QEO, plaintiff's representative, also authorized this bond amount. According to plaintiff, it should not have been responsible for posting the entire amount of the bond. However, United had a choice and agreed to post the entire amount of the bond. United could have chosen the alternative option, which entailed posting a bond in the amount equal to its policy limit and assisting the insured to arrange a bond for the remaining amount. Nevertheless, the plaintiff did not take that

13

route. By posting the bond above its policy limits, United fulfilled its duty to the insured.

Additionally, plaintiff still has not established causation. Plaintiff argues that the defendants alleged negligent acts of casting plaintiff for the entire amount of the judgment and failing to timely post the suspensive appeal surety bond were the causes in fact of plaintiff's damage (the amount paid in excess of its policy limit). Even if the defendants had timely posted the necessary security to file the suspensive appeal, plaintiff still would have been liable for the entire judgment anyway given that plaintiff authorized the bond over its limit. *See* Rec. doc. 27 at p. 27. Because plaintiff would have suffered the same loss irrespective of the defendants' alleged negligence, plaintiff's allegations are not actionable as a cause in fact. *See Colonial Freight systems, Inc. v. Adams & Reese LLP*, No. 11-1755, 2012 WL 1570103, at *2 (E.D. La. May 3, 2012) ("if the alleged loss would have resulted irrespective of any alleged negligence, that alleged negligence is not actionable as a substantial factor or a cause in fact.")

Plaintiff also asserts this court should grant reconsideration because plaintiff will be unlikely to collect the entire amount of the judgment it paid even if United is successful on appeal. First, this argument is rooted in damage calculations. Given that the defendants' motion to dismiss was granted because

14

plaintiff had not alleged proper factual support for causation, this argument is immaterial and does not support reconsideration of this Court's prior Judgment. Second, plaintiff could have asserted this argument in its previously filed opposition and failed to show cause for not doing so there. Because this is a newly asserted argument raised for the first time in plaintiff's motion for reconsideration, this argument is deemed waived and improper. *See Wiley v. Dep't of energy*, No. CV 21-933, 2021 WL 2291135, at *1 (E.D. La. June 4, 2021) ("Nor should a motion for reconsideration be used to raise arguments that **could have and should have** been made before entry of an order or re-urge matters that have already been advanced") (emphasis added).

New Orleans, Louisiana this 15th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE